**Rosen, Tsionis & Pizzo, PLLC**
***f/k/a* Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Daniel J. LeBrun, Esq.

*Counsel to Debtor and Debtor-In-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

BEAUX EQUITIES LLC,

Chapter 11 (Subchapter V)
Case No.: 25-40119-jmm

Debtor.
----------------------------------------------------------X
BEAUX EQUITIES LLC,

Plaintiff,

Adv. Proc. No.: 25-_______-jmm

-against-

SHORIVGER TRUST, RAPHAEL GROSSMAN AS TRUSTEE OF THE SHORIVGER TRUST, and ISRAEL GROSSMAN,

Defendants.
----------------------------------------------------------X

# COMPLAINT

Beaux Equities LLC, the debtor and debtor in possession (the "Debtor" or "Plaintiff") in the above-captioned chapter 11 case, by and through its attorneys, Rosen, Tsionis & Pizzo PLLC, respectfully submits this, as and for its complaint (the "Complaint") against Shorivger Trust (the "Shorivger"), Raphael Grossman as Trustee of the Shorivger Trust (the "Trustee") and Israel Grossman ("Grossman"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action by the Debtor seeking declaratory relief that (i) the Deed (defined herein) executed by the Debtor, which purports to convey the Properties (defined herein) to Shorivger, is not an outright conveyance of the Properties, but rather, is deemed a mortgage by operation of law pursuant to N.Y. Real Prop. Law § 320; and (ii) because the agreements that form the basis of the Deed (mortgage) are not enforceable against the Debtor, as the Debtor is not a signatory to the agreements and received no consideration for the Deed, the Deed is void by operation of law pursuant to N.Y. Gen. Oblig. Law § 5-703.

## JURISDICTION AND VENUE

2. This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of New York and is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(A), (K), and (O) and 1334.

3. The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

4. This Court is the proper venue for this adversary proceeding in accordance with 28 U.S.C. § 1409(a).

5. The statutory predicate for the relief sought herein is section 105 of Title 11 of the United States Code (the "Bankruptcy Code"), section 2201 of Title 28 of the United States Code, section 320 of the New York Real Property Law, and section 5-703 of the New York General Obligations Law.

6. Pursuant to Bankruptcy Rule 7008, the Plaintiff consents to the entry of final orders and judgments by the Court presiding over this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## THE PARTIES

7. The Plaintiff is the debtor and debtor-in-possession of the above-captioned Chapter 11 bankruptcy case. The Plaintiff has a mailing address of 5409 18th Ave, Brooklyn, New York 11204. The Plaintiff is authorized to file this action under sections 323 and 1107 of the Bankruptcy Code and Bankruptcy Rule 6009.

8. Upon information and belief, the Shorivger Trust is a trust, formed and existing under the laws of New York, with its principal place of business at 1078 East 15th Street, Brooklyn, New York 11230.

9. Upon information and belief, Raphael Grossman is an individual residing at 1189 E 9th Street, Brooklyn, New York 11230.

10. Upon information and belief, Grossman is an individual residing at 508 Avenue L, Brooklyn, New York 11230.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

### A. The Bankruptcy Filing

11. On January 9, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and elected to proceed under Subchapter V.

12. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in this case, except that Gerard Luckman, Esq., has been appointed as the Subchapter V Trustee.

13. The Debtor is a New York limited liability corporation with its corporate office located at 5409 18th Ave, Brooklyn, New York 11204.

### B. The Real Properties

14. The Debtor acquired the real properties commonly known as and located at 5405, 5409, and 5411 18th Avenue, Brooklyn, New York 11204 (the "Properties") by bargain and sale deed on or about September 22, 2010. A copy of the bargain and sale deed is annexed hereto as **Exhibit "A"**.

## C. The Shorivger Loans

15. In November 2013, Shorivger, through Grossman, started advancing monies (the "Shorivger Loans") to Yaakov Pollak ("Yaakov") and Moshe Pollak ("Moshe", and together with Yaakov, the "Pollaks").

16. Prior to the Petition Date, Yaakov, the sole member of the Debtor, was also a member of YGM Group LLC ("YGM"), along with Moshe.

17. Grossman is the brother of the Trustee.

18. Yaakov and Moshe are brothers and are related to the Trustee and Grossman through marriage.

19. The Trustee served as the trustee of Shorivger at the time the advancements were made.

20. The advancements were generally made by Grossman, who was authorized by the Trustee to act on behalf of Shorivger.

21. Many, though not all, of the Shorivger Loans were memorialized by a series of "Heter Iskas" (the "Iska Notes"). Copies of the Iska Notes, as well as records of the advancements made to YGM thereunder, to the extent available, are annexed hereto as **Exhibit "B"**.

22. The advancements were made to Yaakov and Moshe through YGM.

23. Each of the Iska Notes identified either Shorivger or Grossman as the "Investing Partner" and YGM and/or Yaakov in his individual capacity as the "Managing Partner".

24. The Iska Notes also identify the amount of the advance to be repaid, the date by which the advance is to be repaid, the percent of interest and the rate at which interest is payable.

25. The Iska Notes were signed by Yaakov in his individual capacity at or around the time when funds were advanced to YGM.

26. The Debtor is named in only one (1) of the Iska Notes, and Yaakov did not sign that Iska Note in his capacity as principal of the Debtor.

27. The Debtor received no benefit or consideration for the advances, which were all made directly to YGM.

28. There were no written agreements or documents other than the Iska Notes pertaining to the Shorivger Loans.

29. It was clear to all parties from the outset that these advancements were intended to be loans.

30. The Shorivger Loans were intended to be short term loans, usually for three (3) or six (6) months.

31. None of the Iska Notes had a term more than ten (10) months, with some as little as approximately one (1) month.

32. Certain Shorivger Loans were secured by a confession of judgment executed by Yaakov.

**D. Execution of the Deed to the Real Properties as Security for the Shorivger Loans**

33. On March 29, 2016, Yaakov, through the Debtor, executed a deed (the "Deed") purporting to transfer ownership of the Properties to Shorivger. A copy of the Deed is attached hereto as **Exhibit "C"**.

34. At the time of execution of the Deed, Yaakov and Grossman mutually agreed that the Deed was executed as security for the Shorivger Loans and was not an outright conveyance.

35. The Deed was not executed in the presence of a notary and is not notarized.

36. The next day, on March 30, 2016, Yaakov signed a letter (the "Yaakov Letter"), which was prepared by Grossman and/or the Trustee, acknowledging and memorializing the fact that the Deed was executed as security for the Shorivger Loans. A copy of the Yaakov Letter is annexed hereto as **Exhibit "D".**

37. The Yaakov Letter specifically states as follows:

> I, Yaakov Pollak agree to transfer the Deed for 5405, 5409, 5411 18th Ave to Shorivinger Trust if the loan we have is not paid back by December 31, 2016. I agree to not take out an additional mortgage on these properties. The iska profits will be paid up to date by June 30,2016. I am signing on condition Mr Grossmen does not record the transfer of deed until the above date (12/31/16) & I be given written notice prior to the transfer.

*Exhibit D.*

38. The Yaakov Letter was executed to memorialize the condition that the Deed not be recorded until at least December 31, 2016 and that Yaakov be given written notice prior to recordation.

39. The following day, on March 31, 2016, Grossman signed a handwritten note (the "Grossman Note") further acknowledging and memorializing the fact that the Deed was executed as security for the Shorivger Loans. A copy of the Grossman Note is annexed hereto as **Exhibit "E".**

40. The Grossman Note specifically states as follows:

> Per our agreement, I will not file the transfer Docs prior to 12/31/16. I will give Yaakov Pollak 30 days notice prior to filing transfer Docs for 5405-5409-5411 18th Ave. This applies if interest is up to Date by 6/30/16.

*Exhibit E.*

41. The Grossman Note specifically states that Grossman would not record the Deed prior to December 31, 2016, so long as interest payments on the Shorivger Loans were brought current by June 30, 2016.

42. There are no other written agreements pertaining to the transfer of the Properties other than the Deed, the Yaakov Letter and the Grossman Note, and these documents reflect the full terms of the agreement between the parties.

43. Contemporaneous with the execution of the Deed, Shorivger loaned YGM the amount of $165,000.00 under an Iska Note dated March 30, 2016.

44. Shorivger continued to loan monies to YGM and/or Yaakov subsequent to the execution of the Deed through at least July 24, 2017.

45. Shorivger did not record the Deed until November 29, 2017.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### (Declaratory Judgment Under 28 U.S.C. § 2201 That The Deed Is Deemed A Mortgage Pursuant To N.Y. Real Prop. Law § 320)

46. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "45" as if set forth fully herein.

47. Section 320 of the New York Real Property Law provides that:

> [a] deed conveying real property, which, by any other written instrument, appears to be intended only as a security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage; and the person for whose benefit such deed is made, derives no advantage from the recording thereof unless every writing, operating as a defeasance of the same, or explanatory of its being desired to have the effect only of a mortgage, or conditional deed, is also recorded therewith, and at the same time.

N.Y. Real Prop. Law § 320.

48. The Deed, the Israel Letter, and the Grossman Note are the only documents which were executed and/or created in connection with the purported conveyance of the Properties.

49. The Deed is not notarized and does not contain any description of the terms for the purported conveyance, including the purchase price, monies previously advanced, or any further payment schedule.

50. The Israel Letter and the Grossman Note, which were created at substantially the same time the Deed was executed, reflect the intent of Yaakov and Grossman for the Deed to be taken as security for the Shorivger Loans, not an outright conveyance at the time of execution of the Deed.

51. Furthermore, the Deed was not recorded for over a year and a half after the Deed was executed, further evidencing Shorivger's intent to take the Properties as a security instrument and not an outright conveyance at the time of execution of the Deed.

52. Shorivger only recorded the Deed and did not record any separate instrument of defeasance, or any writing operating as a defeasance.

53. By reason of the foregoing, under 28 U.S.C. § 2201, the Plaintiff is entitled to a judgment against the Defendants declaring that the Deed is deemed a mortgage pursuant to N.Y. Real Prop. Law § 320.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Declaratory Judgment Under 28 U.S.C. § 2201 that the Deed/Mortgage Is Void)**

54. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "53" as if set forth fully herein.

55. The Deed, being deemed a mortgage by operation of law under section 320 of the New York Real Property Law, is void because the Debtor did not execute the Iska Notes which form the basis of the mortgage.

56. Pursuant to New York General Obligations Law § 5-703(3):

> A contract to devise real property or establish a trust of real property, or any interest therein or right with reference thereto, is void unless the contract or some note or memorandum thereof is in writing and subscribed by the party to be charged therewith, or by his lawfully authorized agent.

N.Y. Gen. Oblig. Law § 5-703.

57. Here, the Debtor is not a signatory or party to any of the Iska Notes which form the basis of the Deed/mortgage.

58. None of the Iska Notes were signed by Yaakov in his capacity as owner of the Debtor.

59. While the Debtor's name is included in one (1) of the Iska Notes (dated December 31, 2016), the Iska Note in question was only signed by Yaakov in his individual capacity, and the Debtor is not bound by the Iska Note.

60. The Debtor did not receieve consideration from Shorivger for the Deed/mortgage.

61. The Debtor did not receive any pecuniary benefit by was of the advancements that were made directly to YGM.

62. Yaakov is not the sole owner of YGM.

63. By reason of the foregoing, under 28 U.S.C. § 2201, the Plaintiff is entitled to a judgment against the Defendants declaring that the mortgage is void as being unenforceable against the Debtor pursuant to N.Y. Gen. Oblig. Law § 5-703.

**THIRD CLAIM FOR RELIEF AGAINST SHORIVGER**
**(<u>Objection to Claim of Shorivger Under 11 U.S.C. § 502(b)</u>)**

64. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "63" as if set forth fully herein.

65. On April 2, 2025, Shorivger filed Proof of Claim No. 3 (the "Disputed Claim") on the Court's Claims Register in the alleged secured amount of $2,834,567.00.

66. The Disputed Claim asserts that the basis for the claim is as follows:

> This claim is only being asserted by Shorivger Trust (the "Trust") in the event a judicial determination is made that the Trust does not own the real property located at 5405, 5409 and 5411 18th Avenue Brooklyn, New York (the "real property"). The Debtor claims an "equitable interest" in the real property as its sole asset.
>
> In the event a judicial determination is made that the Trust does not own the real property, then the Trust asserts a secured claim in the amount of $2,834,567.00 secured by the real property. The basis of the claim is that the Trust paid the sum of $2,834,567.00 for the real property the proceeds of which were disbursed in accordance with the instructions given by Yaakov Pollak, the Debtor's sole member. In the event it is judicially determined that the Trust is not the owner of the real property then the Trust is entitled to return of the $2,834, 567.00. Attached hereto as Exhibit A is the recorded deed dated March 29, 2016, executed by Yaakov Pollak and delivered to the Trust conveying the real property from the Debtor to the Trust in fee simple. The deed was recorded in the King's County Clerk's Office on November 29, 2017.
>
> Attached hereto as Exhibit B is a copy of a spreadsheet with transmitting email, prepared by Yaakov Pollak confirming receipt of $2,834,567.00.

67. If the Court finds that the Deed/mortgage is void, Proof of Claim No. 3 filed on behalf of Shorivger must be expunged because Shorivger does not hold an enforceable claim against the Debtor without a valid mortgage.

68. By filings the Disputed Claim, Shorivger has submitted itself to the jurisdiction of the Bankruptcy Court in order to determine and resolve such disputes.

69. Under section 502(b) of the Bankruptcy Code, the Debtor may object to Shorivger's Proof of Claim as being unenforceable against the Debtor and property of the Debtor under the void Deed/mortgage.

70. By reason of the foregoing, the Plaintiff is entitled to an order expunging Shorivger's Disputed Claim pursuant to 11 U.S.C. § 502(b).

**RESERVATION OF RIGHTS**

71. The Plaintiff reserves any and all rights to its claims for relief and/or defenses raised in (i) the claim objection filed against Shorivger (25-40119-jmm, Dkt. No. 51) and any responses thereto; and (ii) the removed adversary proceeding entitled *Powercap Partners LLC v. Beaux Equities LLC, et al.*, Adv. Proc. No. 25-01037-jmm.

72. During the course of this adversary proceeding, the Plaintiff may learn (through discovery or otherwise) of additional causes of action. Accordingly, the Plaintiff reserves its right to amend this Complaint to include: (i) further information regarding the allegations herein; (ii) revisions to the Defendants' names (iii) additional defendants; and/or (iv) additional causes of action; (the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the Complaint.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Plaintiff respectfully demands: (i) judgment against the Defendants consistent with the allegations set forth in the Complaint; together with (ii) such other, further, and different relief that this Court deems just, proper, and equitable under the facts and circumstances herein.

Dated: September 2, 2025
Huntington, New York

Respectfully submitted,

**Rosen, Tsionis & Pizzo, PLLC**
*Counsel for the Debtor and Debtor in Possession*

By: *<u>/s/ Avrum J. Rosen</u>*
Avrum J. Rosen, Esq.
Daniel J. LeBrun, Esq.
38 New Street
Huntington, New York 11743
(631) 423-8527
arosen@ajrlawny.com
dlebrun@ajrlawny.com